IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

vs.                                    Case No. 4:06cv373-MP/WCS

**TALLAHASSEE POLICE
DEPARTMENT, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights action by filing a civil rights complaint on August 10, 2006. Doc. 1. On September 18, 2006, a report and recommendation was entered recommending dismissal of this case pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Doc. 13. Plaintiff filed objections to the report and recommendation on September 28, 2006. Doc. 14. Plaintiff has now filed a motion to amend the complaint, doc. 16, along with a proposed amended complaint, doc. 17. By separate order this day, Plaintiff's motion to submit the amended complaint is granted as Plaintiff is entitled to amend his complaint once as a matter of course. FED. R. CIV. P. 15(a).

Both the complaint, doc. 1, and the amended complaint, doc. 17, have now been reviewed together. This case still proceeds against the same three Defendants: the

Tallahassee Police Department, Officer Michael Dilmore, and Officer Holly Lofland. Docs. 1, 17.  Additionally, it still concerns events which transpired on January 4, 2002, when Plaintiff was stopped by Defendant Dilmore, a Tallahassee Police Officer, for failing to stop at a red light.  Docs. 1, 17.  Following that traffic stop, Plaintiff was arrested for DUI and, then subsequently, Plaintiff's vehicle was searched and police discovered "cocaine somewhere inside the Plaintiff's vehicle."  *Id.*  Plaintiff complains that his car was unlawfully searched without probable cause and then impounded "out of spite" although he had a friend who was a licensed driver, present at the scene, and able to drive the vehicle safely away.  Doc. 17.  Plaintiff was taken to the police station and given a breathalyzer test.  *Id.*  He complains he was not allowed to consult with an attorney first.  *Id.*  Plaintiff was ultimately "adjudicated guilty of DUI, Possession of Cocaine with Intent to Sell, Giving False Information, and Unlawful Display of DL" on August 19, 2002.  *Id.*[1]

Plaintiff states in the amended complaint that he "seeks for this court to invalidate proceedings on August 19, 2002, that used tangible unlawfully seized evidence" from the January 4th traffic stop by Defendants Dilmore and Lofland.  Doc. 17.  Plaintiff also seeks monetary damages, and injunctive relief.  *Id.*

While not stated in the amended complaint, Plaintiff did make clear in the initial complaint that he "is currently confined as a direct result of that August 19, 2002, plea" and due to a "finding on May 8, 2003, that Plaintiff violated probation."  Doc. 1, p. 12.  A

---

[1] In the initial complaint, doc. 1, Plaintiff made it clear that he entered a plea to the criminal charges in August of 2002, but believed he was entering a plea to DUI and Possession of Cocaine with the adjudication of guilt being withheld, and thought the two other charges were being dropped.  *Id.*, at 11.

claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. Id. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373.

Thus, pursuant to Heck, Plaintiff may not collaterally attack a challenge to a state court conviction on the basis that the underlying events which led to his arrest and conviction were unconstitutional. Plaintiff's claims would, if proven, "necessarily imply the invalidity" of his conviction and, thus, are not cognizable under § 1983. *See* Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (holding: that prisoner's § 1983 claim which necessarily implied invalidity of good-time credits was not cognizable under §1983). Plaintiff has continued to try and attack his conviction through this civil rights case, both in the initial and amended complaints. This he cannot do. This case must be dismissed and any claims related to Plaintiff's arrest and conviction must be brought in habeas proceedings.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and pursuant to Heck v. Humphrey, *supra*, and that the order adopting this report and recommendation direct

the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2006.


      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**