IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                                                    CASE NO. 4:06-cv-00373-MP-WCS

TALLAHASSEE POLICE
DEPARTMENT, et al.,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's amended complaint, Doc. 17, brought pursuant to 42 U.S.C. § 1983, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. 1915(e)(2) and pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). The Magistrate Judge filed the Report and Recommendation on Friday, October 6, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Plaintiff, who is currently incarcerated, brings this action pursuant to § 1983, seeking money damages and requesting the Court "to invalidate proceedings on August 19, 2002, that used tangible unlawfully seized evidence." Doc. 17 at 10. The Magistrate recommends dismissing Plaintiff's complaint as barred by Heck, since Plaintiff's claims would, if proven, necessarily imply the invalidity of his conviction. The recent Eleventh Circuit opinion in Cooper

v. Florida, Slip Copy, 2006 WL 2535097 (11th Cir. Sept. 5, 2006), makes clear that the focus in a Heck analysis is whether the injury underlying the § 1983 claim is the violation of a constitutional right, or the injury of being convicted and imprisoned. If the injury is the latter, and the conviction has not been overturned, then it is barred under Heck. In this case, it is clear that the injury Plaintiff seeks redress for is the fact of conviction. In addition to seeking the declaration that his conviction is invalid, which is patently Heck-barred, Plaintiff requests damages for his trial and conviction that resulted from the alleged constitutional violation. "By reason of the defendants gross negligence plaintiff suffered loss of liberty, unwarranted litigation, loss of time, . . . and injury to his reputation and credit, all to his great damages [sic]." Doc. 17 at 11. Because such redress would necessitate a finding that the underlying conviction was unlawful, Plaintiff's complaint fails to state a cause of action.

Further, in his submitted memorandum of law, Plaintiff reiterates that the purpose of his § 1983 action is for the Court to "invalidate the August 19, 2002 proceedings" because of the alleged constitutional violations, and because "[t]ime has expired for plaintiff to get relief from any other authority in this instant case." Doc. 23. Because Plaintiff has not alleged an actual, compensable injury beyond the "injury" of being convicted and imprisoned, it is barred under Heck. Therefore, having considered the Report and Recommendation and the objections thereto filed, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Plaintiff's amended complaint, Doc. 17, is DISMISSED for failure to state a claim

      upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and pursuant to <u>Heck v. Humphrey</u>.

3.      The Clerk of Court is directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this <u>22nd</u> day of December, 2006

<u>*s/Maurice M. Paul*</u>

Maurice M. Paul, Senior District Judge
